**IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ROBERT SCOTT MCCOLLOM** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **CIVIL ACTION NO.** |
| | § | |
| **CITY OF KEMP, TEXAS,** | § | |
| **JIMMY COUNCIL and** | § | |
| **MATT HINDS** | § | |
| *Defendants* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, ROBERT SCOTT MCCOLLOM, Plaintiff, complaining of the City of Kemp, Texas, JIMMY COUNCIL, and MATT HINDS and for cause of action will respectfully show unto the Court as follows:

### I.    Parties

1.    Plaintiff Robert Scott McCollom is a resident of Kaufman County.

2.    Defendant Jimmy Council is an individual residing in Kemp, Kaufman, County Texas and a police officer for City of Kemp Police Department and may be served with process at his place of employment located at 304 S. Main St., Kemp, Texas 75143.

3.    Defendant Matt Hinds is an individual residing in Kaufman, Kaufman County, Texas and is a deputy for the Kaufman County Sheriff's Department and may be served with process at his place of employment located at 900 U.S. 175, Kaufman, TX 75142.

---

4.      Defendant City of Kemp is a municipality located in Kaufman County, Texas which is in the Eastern District of Texas.  Defendant City of Kemp can be served with process by serving the City Secretary, Allene Gilmore at P.O. Box 449 Kemp, Texas 75143.

## II.      Jurisdiction and Venue

5.      The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983.  Any state law claims are brought pursuant to 28 U.S.C. §1367 and are subject to this court's supplemental jurisdiction.  Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §1391 because the Defendants are domiciled and/or reside in the Eastern District of Texas, and all or a substantial part of the cause of action accrued in the Eastern District.

## III.     Facts and Allegations

6.      On or about April 1, 2012, Defendants Council and Hinds used excessive force and falsely arrested Plaintiff.

7.      On or about April 1, 2012, City of Kemp police officer Jimmy Council allegedly observed the Plaintiff speeding in the City of Kemp, Texas.

8.      Defendant Council made a u-turn to initiate a traffic stop of Plaintiff.

9.      By the time Defendant Council put on his overhead lights, Plaintiff had already stopped his vehicle at the gas pump at the Valero gas station located at 125 State Highway 274, Kemp, TX.

10.     Plaintiff exited his vehicle in a normal fashion at the gas pump and stood at his vehicle for approximately 50 seconds while Defendant Council remained in his patrol vehicle.

11.      Finally, after 50 seconds of standing at the gas pump, Plaintiff walked into the store to pay for his gas.

12.      Defendant Council then exited his vehicle and walked into the store and confronted Plaintiff in a most unprofessional manner.   The entire encounter was captured on Defendant Council's in-car video system.

13.      Defendant Council told Plaintiff to "stay your ass out there until I talk to you."

14.      Defendant Council told Plaintiff that he was stopped for doing 62 in a 50 mph zone.

15.      Plaintiff told Defendant Council that he was not driving 62 mph, but rather he was driving 50 mph.

16.      Defendant Council then threatened to arrest Plaintiff for reckless driving if he argued with him.

17.      Plaintiff finished paying for his gas in the store and went out to his vehicle to pump the gas.

18.      Defendant Council asked Plaintiff for his driver's license and insurance.

19.      Plaintiff started pumping the gas.

20.      Defendant Council immediately got on the radio and called in that he had an "unruly one."

21.      Plaintiff told Defendant Council that he was not "unruly" and that he was "not trying to be disrespectful," but that Defendant Council was mistaken and he was not speeding and that Defendant Council pulled him over on private property.

---

22.     Plaintiff was not physically threatening or combative in any way.  He was simply attempting to speak to Defendant Council about the basis for the contact and was protesting his innocence.

23.     Defendant Council became angry and began to yell at Plaintiff saying "It don't matter where I turn my damn lights on."

24.     Defendant Council threatened to arrest Plaintiff for "failure to identify".

25.     Plaintiff never refused to provide Defendant Council his identification.

26.     Within 2-3 seconds of demanding Plaintiff's identification Defendant Council grabbed Plaintiff and attempted to arrest him.

27.     Defendant Council's behavior progressed from using unprofessional and abusive language to using force without need or justification.

28.     Defendant Council grabbed Plaintiff's arm and twisted it and bent Plaintiff over the hood of his own vehicle.

29.     Plaintiff did not try to run or fight with Defendant Council, rather he complied with Defendant Council's commands but Plaintiff continued to ask Defendant Council why he was doing this to him.

30.     Plaintiff was bent forward over the hood of his vehicle with his right hand on the hood and his left holding a cell phone videoing the incident.

31.     Defendant Council was yelling at Plaintiff, admonishing him for being, "smart."

32.     Kaufman County Deputy Sheriff Matt Hinds arrived at the scene as Defendant Council was restraining Plaintiff over the hood of his own vehicle.  Hinds ran up to the Plaintiff while he was being held on the hood of the vehicle by Defendant Council.  Hinds put Plaintiff in an arm bar and violently threw Plaintiff to the ground.

33.     Defendant Hinds' use of force was excessive and completely unnecessary.

34.     While Plaintiff was on the ground with Defendant Hinds on his back Plaintiff pleaded with the both Defendants that he was not resisting, but Defendant Council and Defendant Hinds continued to assault Plaintiff causing him significant injuries to his head, torso, legs, arms and wrists.

35.     Defendant Hinds then shot a volley of pepper spray directly into Plaintiff's eyes causing him severe discomfort and injury to his eyes and lungs.

36.     Defendant Council and Defendant Hinds then falsely arrested Plaintiff for two counts of Assault of a Public Servant for which Plaintiff was subsequently indicted.

37.     Defendant Council and Defendant Hinds falsely arrested Plaintiff for resisting arrest.

38.     Defendants Council and Hinds filed, or permitted to be filed, a police report and sworn Probable Cause Affidavit that contained false statements, namely that Plaintiff "struck Council several times" and the Plaintiff, "Struck…Hinds in the face with a closed fist."  Plaintiff never struck Council or Hinds as described in the sworn probable cause affidavit.

39.     These false statements in the police report and Probable Cause Affidavit were the basis for Plaintiff's arrest and indictment.

40.     Defendants were at all times acting under the color of law.

## Count One
## Excessive Force – Council
## (42 U.S.C § 1983)

41.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 40 as if fully repeated herein.

42.     Acting under the color of law, Defendant Council has deprived Plaintiff of the rights and privileges secured to him by the Fourth Amendment to the United States Constitution and by other laws of the United States to be free from unreasonable seizures, including the use of excessive force.  By his actions as described above, Defendant has violated 42 U.S.C. § 1983 and the constitutional provisions cited therein.

43.     As a professional police officer, Defendant Council should have known that the force that he used, to wit:  grabbing Plaintiff when Plaintiff was just trying to talk, twisting Plaintiff's arm, throwing Plaintiff onto the hood of his vehicle, ordering Hines to take Plaintiff to the ground, jumping on Plaintiff while he was on the ground, and pushing Plaintiff's face into the concrete was excessive.  No reasonable police officer would have believed it necessary to use the degree of force that was implemented against Plaintiff, when in fact, no force whatsoever was warranted.

## Count Two
## Excessive Force – Hinds
## (42 U.S.C § 1983)

44.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 40 as if fully repeated herein.

45.     Acting under the color of law, Defendant Hinds has deprived Plaintiff of the rights and privileges secured to him by the Fourth Amendment to the United States Constitution and by other laws of the United States to be free from unreasonable

seizures, including the use of excessive force.   By his actions as described above, Defendant has violated 42 U.S.C. § 1983 and the constitutional provisions cited therein.

46.     As a professional police officer, Defendant Hinds should have known that the force that he used, to wit:  grabbing Plaintiff when Plaintiff was being held on the hood of his vehicle, throwing Plaintiff to the ground, pushing Plaintiff's face into the concrete, and spraying pepper spray in Plaintiff's eyes and face was excessive.   No reasonable police officer would have believed it necessary to use the degree of force that was implemented against Plaintiff.

**Count Three**
**False Arrest – Council**
**(42 U.S.C § 1983)**

47.     Paragraphs 6 through 40 are stated herein by reference.

48.     Acting under the color of law, Defendant Council has deprived Plaintiff of the rights and privileges secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws of the United States to be free from unreasonable seizures and deprivation of due process by and through falsely arresting Plaintiff.   By his actions as described above, Defendant has violated 42 U.S.C. § 1983 and the constitutional provisions cited therein.

**Count Four**
**False Arrest – Hinds**
**(42 U.S.C § 1983)**

49.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 40 as if fully repeated herein.

50.     Acting under the color of law, Defendant Hinds has deprived Plaintiff of the rights and privileges secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws of the United States to be free from

unreasonable seizures and deprivation of due process by and through falsely arresting Plaintiff. By his actions as described above, Defendant has violated 42 U.S.C. § 1983 and the constitutional provisions cited therein.

### Count Five
### Municipal Liability
### (42 U.S.C § 1983)

51.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 40 as if fully repeated herein.

52.     Defendant City of Kemp maintained policies, practices, and customs, which were the moving force that resulted in Plaintiff's constitutional and statutory rights being violated.

53.     Moreover, the City of Kemp was on notice of a need for further training related to the issues discussed herein but failed to provide the training, which resulted in Plaintiff's constitutional and statutory rights being violated.

54.     It is believed that discovery will reveal, and therefore averred, that the Defendant City of Kemp failed to implement a policy, enforce a policy, or train officers on the Fourth or Fourteenth Amendments to the U.S. Constitution.

55.     It is believed that discovery will reveal, and therefore averred, that the Defendant City of Kemp failed to implement a policy of proper safeguards to ensure that its officers comprehend the elements of the basic offenses in the Texas Penal Code and the Texas Transportation Code such as reckless driving statute and failure to identify.

56.     It is believed that discovery will reveal, and therefore averred that the City of Kemp has a policy, practice and custom of charging individuals, such as Plaintiff with crimes to cover up their officers own misdeeds.

57.     The City of Kemp, despite having video evidence from its own patrol car, wholly failed to investigate Defendant Council's actions that formed the basis of this Complaint. The City, by failing to investigate and review the video evidence ratified and supported Defendant's Councils affidavit for probable cause and permitted is employee to falsely accuse Plaintiff of a crime for which there was no probable cause. Additionally, and in support of the City of Kemp's policy, practice, custom the City of Kemp promoted Defendant Council to Chief of Police after the incident that forms the basis of this Complaint.

58.     The City of Kemp's policy, practice and customs, as discussed above, were in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

59.     As a result of such policies and customs, Plaintiff suffered substantial injuries and damages.

**Count Six**
**Assault – Hines & Council**

60.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 40 as if fully repeated herein.

61.     Both Hines and Council committed the acts described above with the intent to cause a harmful or offensive contact and bodily injury with Plaintiff's body.

62.      Both Hines and Council actions directly and indirectly resulted in a harmful and/or offensive contact and bodily injury with Plaintiff's body.

**IV.     Damages**

63.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 40 as if fully repeated herein.

64.     As a direct and proximate result of the occurrence made bases of this lawsuit, Plaintiff was forced to suffer:

a.      Significant physical injuries;

b.      Loss of Liberty;

c.      Pecuniary loss;

d.      Medical Bills;

e.      Physical pain and suffering;

f.      Emotional distress, torment and mental anguish;

65.     Pursuant to 42 U.S.C. § 1983 and 1988, Plaintiff seeks to recover, and hereby request the award of exemplary damages, reasonable attorney's fees and costs of court.

## V.  <u>Jury Request</u>

66.     Plaintiff respectfully requests a jury trial.

## VI.   <u>Prayer</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be rendered against Defendants, for amount in excess of jurisdictional minimum of this court. Plaintiff further prays for all other relief, both legal and equitable, to which he may show himself justly entitled.

Respectfully submitted,

/s/ Scott H. Palmer
SCOTT H. PALMER
State Bar No. 00797196
J.R. FLETCHER
State Bar No. 24038304

**SCOTT H. PALMER, P.C.**
15455 Dallas Parkway,
Suite 540, LB 32
Dallas, Texas 75001
Tel: (214) 987-4100
Fax: (214) 922-9900
scott@scottpalmerlaw.com
jr@scottpalmerlaw.com

Attorneys for the Plaintiff